# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

TROY SMITH,

    Petitioner,

v.

RONALD DAVIS,

    Respondent.

Case No. 19-cv-08152-SI

**SCHEDULING ORDER**

Troy Smith has filed a petition for writ of habeas corpus to challenge his 2006 conviction in the San Francisco County Superior Court for burglary, robbery and other crimes stemming from the robbery of a jewelry store near Union Square on April 7, 2003. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

This is not Smith's first federal challenge to the conviction: his earlier federal petition for writ of habeas corpus was denied on the merits in 2015; the denial was affirmed by the Ninth Circuit in 2016. *See Troy Smith v. Chappell*, 11-cv-1791 SI, at Docket Nos. 43 and 54. The present petition for writ of habeas corpus is a second or successive petition as to which 28 U.S.C. § 2244(b) applies. The Ninth Circuit has granted permission for the second/successive petition to be filed. *See* Docket No. 1-1.

When, as here, the court of appeals has authorized a second/successive petition to be filed, the district court then must independently determine if each newly presented claim does in fact satisfy the requirements of § 2244(b)(2). The statute contemplates a more searching review of the

potentially successive/second petition by the district court after the appellate court has authorized the petition: only a prima facie showing is needed to obtain permission from the appellate court to have the petition filed, *see* § 2244(b)(3)(C), while the district court must dismiss any claim that fails to actually satisfy the requirements of § 2244(b)(1) or (2), *see* § 2244(b)(4).

Smith makes no effort to show he meets the requirements of § 2244(b)(2). And Smith's lengthy amended petition fails to clearly set forth his legal claims for relief. The absence of a clear and succinct articulation of the legal claims for relief impedes the Court's ability to determine whether particular claims should be treated as "second" or as "successive" claims.

Before determining whether the second/successive petition should be permitted to go forward, the Court first wants to hear from the parties. (The parties are reminded that the determination whether the petition should be permitted to go forward is a separate determination that will be made before the Court decides whether respondent should be required to file an answer to address the merits of the claims.) Accordingly,

1. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.

2. No later than **January 31, 2020,** Smith must file and serve an amendment to his amended petition in which he sets out a short statement of each of his legal claims for habeas relief. Each claim should (a) identify the specific federal constitutional provision that has been violated, (b) provide a 1-2 sentence description of the facts showing that the provision was violated, and (c) list up to three cases from the U.S. Supreme Court that most strongly support the claim. Smith, rather than counsel, must personally verify the amended petition and the amendment thereto.

3. No later than **February 3, 2020**, Smith must file and serve a motion to proceed with a second/successive petition showing that he meets the requirements of § 2244(b)(2). Smith is encouraged to submit his own declaration addressing the diligence requirement of § 2244(b)(2)(B)(i) as well as any information he has regarding the manner in which his and Turner's fingerprints came to be on the newspaper and poster board.

4. No later than **March 2, 2020**, Respondent must file and serve his opposition, if any,

to the motion to proceed with a second/successive petition.

5. No later than **March 16, 2020**, Smith must file and serve his reply, if any.

**IT IS SO ORDERED**.

Dated: January 13, 2020

_____
SUSAN ILLSTON
United States District Judge